**BURNETT et, Plaintiffs-Appellants, v. KIDSTON et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3431.   Decided May 3, 1951.

Wm. B. Spagnola, James E. Mitchell, Youngstown, for plaintiffs-appellants.

W. P. Barnum, William A. Ambrose, Pros. Atty., Youngstown, for defendants-appellees.

(Hon. JOY SETH HURD of the Eighth District, sitting by assignment in the Seventh District.)

## OPINION

Per CURIAM.

In this opinion the plaintiffs will be called plaintiffs; the Mahoning Valley Sanitary District will be called the District, and its directors defendant directors. Defendant Rayburn is Auditor of Mahoning County, and will be called auditor.

Plaintiffs appealed to this court on questions of law and fact from a judgment of the court of common pleas entered upon a finding of a judge thereof in plaintiffs' action filed in that court on July 7, 1950, to declare unlawful and enjoin the certification and collection of a special assessment levied for the year 1950 by defendant directors for the benefit of the district upon the City of Youngstown, a municipal corporation, and all real property situated therein.

Plaintiffs are owners of real property situated within the corporate limits of the City of Youngstown and payers of tax thereon.

Defendant directors are directors of the district, a political

subdivision of the state of Ohio organized in 1928 and existing under the provisions of §6602-34 to §6602-106 inclusive, GC, to supply water for domestic, municipal and public use within the municipal corporations of Niles, Trumbull County, and Youngstown, Mahoning County, which cities comprise such district.

The construction cost of the district, which is situated in Mahoning and Trumbull Counties, was financed by the sale of serial bonds maturing over a period of years, the last of which will mature in 1954. Principal and interest payments on such bonds are paid from the proceeds of annual tax levies made since 1928 upon real property situated in the cities of Youngstown and Niles in the respective proportions of 90.55% and 9.45%, the proceeds of which are remitted to the district periodically by defendant auditor and the auditor of Trumbull County.

In accordance with the provisions of §6602-78 GC, the directors fix the annual levies at 10% in excess of the amount needed for redemption of and payment of interest due on such bonds.

On May 18, 1950, the directors initiated proceedings to levy $524,729.72 upon owners of real property situated in Youngstown to pay bond retirement and interest thereon for the year 1951.

Defendant directors' annual report to the court of jurisdiction revealed an unexpended cash balance in the district's bond retirement and interest fund of $1,753,643.23, which resulted from the 10% levies to which reference is made above, and which is in excess of the amount required to pay maturing bonds and interest due thereon in full.

Plaintiffs contend that upon the facts stated defendant directors are without authority to levy the sum of $524,729.72, or to use the sum of $1,753,643.23 for any purpose other than retirement of bonds and payment of interest due thereon; that to use it for any other purpose would be unconstitutional and would violate Article 12, Section 2 of the Constitution, and the statutes governing such district, and never having used such fund for the stated purpose they cannot use it for that or any purpose other than retirement of such bonds and interest due thereon.

Previous to this litigation the directors by resolution determined to permit such 10% fund to accumulate until sufficient to retire such outstanding bonds and interest charges thereon.

Defendants contend inter alia that the sum of $1,753,643.23 was accumulated and ear-marked for the purpose of making district improvements and construction of new facilities as set

forth in a contingent court approved amendment to the district's official plan as to the need and benefit thereof, which has not yet been determined; that the levy made for the year 1951 will be required to meet bond retirement and pay interest thereon during that year; that such levies will be necessary in the years to come for the reason that in the future defendant directors intend to earmark such excess fund accumulated then to enlarge the district.

Further defendants contend that such excess fund is a surplus fund and base their rights to pursue such policy upon the following provision of §6602-89 GC, "for retiring bonds, reducing the rate of assessment or for accomplishing any other legitimate objects of the district"; that such fund becomes an excess fund by reason of the fact that it was an accumulation in excess of the amount needed to retire the bonds and pay interest thereon as they become due.

Further defendants contend that "the legal question involved is an interpretation of sub-section 89 (6602)," which reads as follows:—

"Any surplus funds in the treasury of the district may be used for retiring bonds, reducing the rate of assessment or for **accomplishing any other of the legitimate objects of the district.**" (Emphasis ours.)

Defendant argues that it "is evident that the Sanitary District Act contemplates a surplus over and above what is needed to pay for the bonds."

The evidence discloses that the cost of execution of the adopted amendment to the official plan of the district for an auxiliary supply of water from Berlin Reservoir and deferred construction would largely exceed the present amount in the 10% fund, and that which will accumulate in the future in such fund; that appropriations have been filed for replacement, improvement, repairs and construction in the Meander Creek plant, and it is around such that the litigation between the parties revolve. The balance of construction for the Meander Creek plant is catalogued as deferred construction, and is a second stage not contemplated now.

The evidence further discloses that the directors propose to pay presently needed construction costs from the district's bond retirement and interest fund, to which reference has been made, in installments commencing September 1951 and during the succeeding three or four years.

Sec. 6602-78 GC, provides:—

"* * * the board of directors shall pass and spread upon their records a bonding resolution in which shall be stated the amount of the assessment, and the amount thereof paid

as aforesaid, and thereupon the board shall in the same resolution apportion the uncollected assessment into installments or levies, provide for the collection of interest upon the unpaid installments, and they may order the issuance of bonds (in an amount not exceeding ninety per cent of the levy) in anticipation of the collection of said installments. The residue of the tax so levied (not less than ten per cent) shall constitute a contingent account to protect the bonds from casual default, and any part thereof in excess of ten percent of the next installment of maturing bond principal, together with the next two installments of semi-annual interest, if not needed for this purpose, may be transferred from time to time to the maintenance fund of the district."

There has never been a default in the collection of such levies.

Sec. 6602-82 GC provides in part:—

"The board of directors shall each year thereafter determine, order and levy the part of the total assessments levied under this act, which shall become due and be collected during each year at the same time that state and county taxes are due and collected, * * *. In the event of any failure or neglect of the board of directors of the district to determine and order an annual levy for the purpose of paying the interest and principal of any bonds pursuant to this act, it shall be the duty of the auditor of the county in which the lands subject to such assessments are situated, to make and complete a levy of the taxes or special assessments necessary for the said purpose against the lands in the said district, * * *."

These sections of the General Code indicate the mandatory duty imposed upon defendants directors or auditors to determine the amount of and make such levy, the performance of which this court cannot enjoin.

In deciding the equities of the case we are mindful of the claim that it would be inequitable to levy an addtional tax for the payment of the outstanding bonds when there is sufficient money in the surplus fund to retire such bonds and pay the interest due thereon in full. However equity must follow the law.

The sections of the General Code providing for establishing of sanitary districts and governing the issuance of bonds for the purpose indicated and the manner of levying taxes for the payment thereof are definite.

The General Code specifically authorizes the application of the fund arising from the excess levy of 10% to be trans-

ferred from time to time to the maintenance fund of the district to be used for "any other of the legitimate objects of the district." Therefore it is apparent that the remedy of the plaintiffs lies with the legislature; and the acts referred to being constitutional it is the duty of this court to follow such legislative enactments as they exist now.

Obviously the decree of this court is for the defendants.

An entry drawn in accordance with the decree of this court and this opinion may be presented for approval.

NICHOLS, PHILLIPS and HURD, JJ, concur.